In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00362-CR
_____

JOHN DAVID PAYNE, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 15-11-12010-CR

_____

MEMORANDUM OPINION

In this appeal, John David Payne's appellate counsel filed a brief in which he contends that no arguable grounds can be advanced to support a decision reversing Payne's conviction for online solicitation of a minor. *See* Tex. Penal Code Ann. § 33.021(c) (West Supp. 2016).[1] Although usually online solicitation of a minor is

_____

[1] We cite to the current version of the Penal Code, as the amendments made to the cited statutes do not affect this appeal.

1

punishable as a third-degree felony, because Payne had two previous felony convictions, he was subject to a potential sentence of life in prison. *See id.* § 12.42(d) (West Supp. 2016) (providing enhanced penalties for repeat and habitual felony offenders), § 33.021(f) (West Supp. 2016) (providing that a conviction for online solicitation of a minor fourteen or older is a third-degree felony). The jury found that Payne should serve a life sentence. Based on our review of the record, we agree with Payne's counsel that no arguable issues exist to support his appeal. *See Anders v. California*, 386 U.S. 738 (1967).

In 2016, a jury found Payne guilty of online solicitation of a minor. Following a punishment hearing, and based on its findings that Payne committed two prior felonies as charged in the indictment, the jury found that Payne should serve a life sentence. Subsequently, the trial court sentenced Payne to serve a sentence of life in prison and Payne appealed.

In his appeal, Payne's counsel filed a brief presenting counsel's professional evaluation of the record. In the brief, Payne's counsel concludes that any appeal would be frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After receiving the *Anders* brief, we granted an extension of time to allow Payne an opportunity to file a *pro se* response. However, no response was filed.

After reviewing the appellate record and the *Anders* brief filed by Payne's counsel, we agree with counsel's conclusion that an appeal on the current record would be frivolous. Therefore, we conclude it is not necessary to order that new counsel be appointed to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring the court of appeals to appoint other counsel only if it determines that there were arguable grounds for the appeal). Given our conclusion that no arguable error exists to support Payne's appeal, we affirm the trial court's judgment.[2]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 25, 2017
Opinion Delivered August 2, 2017
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[2] Payne may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.